Judge Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>SHAWN L. PORTMANN,<br>SONJA L. LIGHTFOOT,<br>JEANETTE R. SALSI, and<br>ADAM S. VOELKER,<br><br>                Defendants. | NO. CR11-5394BHS<br><br>AMENDED STIPULATED<br>PROTECTIVE ORDER |

This matter, having come before the Court on a Stipulated Motion for Entry of Amended Protective Order filed and presented by the United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Brian D. Werner and Arlen R. Storm, Assistant United States Attorneys for said District, and the defendants, SHAWN L. PORTMANN, by and through his attorneys, Robert G. Chadwell and Krista K. Bush, SONJA L. LIGHTFOOT, by and through her attorney, Bryan Hershman, JEANETTE R. SALSI, by and through her attorney, Linda Sullivan, and ADAM S. VOELKER, by and through his attorney Robert Freeby, the Court hereby enters the following:

**PROTECTIVE ORDER**

1. The personal information related to any victims or witnesses, and any document containing personal information related to any victims or witnesses, provided by the government in discovery is deemed Protected Material. As used in this Order, the

AMENDED PROTECTIVE ORDER/Portmann, et al
CR11-5394BHS - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

term "personal information" refers to each victim or witness's date of birth, Social Security number, driver's license number, bank account numbers, address, telephone number, location of employment, and other contact information.

2. Confidential supervisory information, as defined in 12 C.F.R. § 261.2(c), is also deemed Protected Material. As used in this Order and in this case, "confidential supervisory information" refers to Federal Reserve reports of examination, inspection and visitation and any information derived from, related to, or contained in such reports, as well as documents prepared by, on behalf of, or for the use of the Federal Reserve. Supervisory information does not include documents prepared by a supervised financial institution for its own business purposes that are in its possession. Federal Reserve documents will have the prefix "FRB" and the government, in its production letter, will designate what FRB documents are considered to contain "confidential supervisory information."

3. Confidential regulatory, bank, and receivership materials produced by the Federal Deposit Insurance Corporation (FDIC) are also deemed Protected Material. As used in this Order and in this case, "confidential regulatory material" means any materials related to the regulation or supervision of Pierce Commercial Bank, in whatever form, whether preliminary or final, including reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from or with the FDIC in its corporate capacity, the Washington Department of Financial Institutions, or any other federal or state regulatory authority, and any documents containing confidential information obtained from any documents and records related to the supervision or regulation of the Bank. "Confidential bank material" means material related to the Bank, its customers, any trading company or any other entity, including: ACH items or transactions, chargebacks, merchant processing, bank account information, signature cards, bank statements, general ledger entries, deposit or reserve information, commodity trading statements, loans and lending transactions, loan applications, financial statements and credit reports, business and personal state and federal income tax forms,

AMENDED PROTECTIVE ORDER/Portmann, et al
CR11-5394BHS - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

correspondence, related loan documentation relating to any extension of credit or loan to any borrower, and/or any other confidential business records or trade secrets. "Confidential receivership material" means material related to the receivership of the Bank, including any information on loss or estimates of such loss on the Bank's assets.

4. All parties recognize and acknowledge that the potential exists for the inadvertent production of material that is protected by the attorney-client privilege, attorney work product protection, or other applicable privilege, protection, or immunity (collectively, the "Privileged Material"). The parties agree that the production of Protected Material under the terms and conditions of this Protective Order shall not constitute a waiver of any privilege or protection with respect to any Privileged Material that is inadvertently produced. In the case of any inadvertent disclosure of Privileged Material, the receiving party shall, immediately upon becoming aware of the disclosure, or, if unaware of disclosure, within five (5) business days of receipt of a written request by the producing party, return the original to the producing party, destroy all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss, or quote the document, and delete any copy of the document it maintains. Return of a document over which the producing party has asserted a claim of privilege, protection, or immunity under this paragraph shall be without prejudice to the receiving party's right to seek an order from the Court directing the production of the document on the ground that the claimed privilege, protection, or immunity is invalid or inapplicable; provided, however, that mere production of the document in this action shall not constitute grounds for asserting waiver of the privilege, protection, or immunity.

5. Possession of Protected Material is limited to the attorneys of record in the above captioned case and members of the prosecution team (professional staff, investigators, and retained experts) and members of the defense team assigned to assist with this case (professional staff, investigators, and retained experts). The attorneys of record and the prosecution and defense team may not provide copies of the Protected Material to any other person, including any Defendant in this case. This order, however,

AMENDED PROTECTIVE ORDER/Portmann, et al
CR11-5394BHS - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

does not prohibit the attorneys of record and members of the prosecution and defense teams from reviewing or discussing the contents of documents containing Protected Material with the Defendants, victims and/or prospective witnesses. However, they may not provide a copy of a document containing Protected Material or share personal information of other victims or witnesses with a different victim or prospective witness.

6. The attorneys of record, the prosecution team, and the defense team shall keep any Protected Material secured whenever the Protected Material is not being used in furtherance of their work in the above captioned case. The parties agree that this Protective Order may be modified, as necessary, by filing with the Court a Stipulated Order Modifying the Protective Order.

7. Violation of this Protective Order shall submit the violator to contempt of Court or any monetary or other sanctions deemed appropriate by the Court.

DATED this 3rd day of July, 2012.

BENJAMIN H. SETTLE
United States District Judge

Presented by:

*Brian D. Werner*
BRIAN D. WERNER
Assistant United States Attorney

AMENDED PROTECTIVE ORDER/Portmann, et al
CR11-5394BHS - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970