The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br>v.<br>SHAWN L. PORTMANN,<br>Defendant. | NO. CR11-5394 BHS<br><br>**MOTION AND MEMORANDUM FOR SECOND PRELIMINARY ORDER OF FORFEITURE AS TO CERTAIN SUBSTITUTE PROPERTY OF DEFENDANT SHAWN L. PORTMAN**<br><br>**NOTE ON MOTION CALENDAR:** January 24, 2013 |

The United States of America, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), hereby moves to enter a Second Preliminary Order of Forfeiture in this case to include certain properties of the defendant as substitute properties, to satisfy, in whole or in part, the money judgment of forfeiture entered against the defendant. Said substitute properties are listed as follows:

The contents within the following storage lockers:

a) Linden Park Heated Storage, 2102 E. Main, Puyallup, WA 98732, Unit No. 8022; and

b) Linden Park Heated Storage, 2102 E. Main, Puyallup, WA 98732, Unit No. 8043



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

(hereinafter referred to as "the subject property"). The United States requests that the Court authorize the seizure of the properties, to the extent that the collective value of the properties does not exceed Ten Million Dollars ($10,000,000), and forfeit the defendant's interest in the subject properties.

The United States further requests that it be empowered to ensure the subject property is availability for forfeiture and to immediately commence the ancillary proceedings required to finalize the forfeiture of the substitute property.

## MEMORANDUM OF LAW

On January 28, 2013, the Court entered a Preliminary Order of Forfeiture wherein SHAWN L. PORTMANN forfeited $102,000 in United States currency, and a money judgment in favor of the United States in the amount of $10,000,000 United States funds, which represents a portion of the proceeds obtained as a result of the offenses to which Defendant pleaded guilty. At the time of the entry of the Order of Forfeiture, the fraud proceeds represented by the forfeiture money judgment were unavailable for seizure and execution, because the forfeiture constituted the total gross proceeds obtained as a result of the offenses to which the Defendant pleaded guilty, which funds had already largely been spent, disbursed, and/or otherwise unavailable.

The United States has determined that the defendant has an interest in the above-described subject property, which was not included in the Order of Forfeiture, and which the United States now contends should be substituted to partially satisfy the money judgment.

Rule 32.2(e) of the Federal Rules of Criminal Procedure authorizes the entry of an order for forfeiture of substitute assets as follows:

(e) Subsequently Located Property; Substitute Property.

> (1) In General. On the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that:



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

(A) is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or

(B) is substitute property that qualifies for forfeiture under an applicable statute.

(2) Procedure. If the government shows that the property is subject to forfeiture under Rule 32.2(e)(1), the court must:

(A) enter an order forfeiting that property, or amend an existing preliminary or final order to include it; and

(B) if a third party files a petition claiming an interest in the property, conduct an ancillary proceeding under Rule 32.2(c).

(3) Jury Trial Limited. There is no right to a jury trial under Rule 32.2(e).

The applicable statute in these proceedings, Title 21, United States Code, Section 853(p) provides as follows:

(p) Forfeiture of substitute property

(1) In general.

Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant–

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be divided without difficulty.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

> (2) Substitute property
> In any case described in any of subparagraphs (A through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable.
>
> (3) Return of property to jurisdiction
> In the case of property described in paragraph (1)(C), the court may, in addition to any other action authorized by this subsection, order the defendant to return the property to the jurisdiction of the court so that the property may be seized and forfeited.

Rule 32.2(e)(1)(B) provides that the Court may enter an order of forfeiture or amend an existing order of forfeiture at any time to order the forfeiture of substitute assets. Thus, the order may be entered after a preliminary order of forfeiture is entered but before it is final as to the defendant; after the order is final as to the defendant and while it is on appeal; and after an appeal is final. See United States v. Hurley, 63 F.3d 1 (1st Cir. 1995) (court retains authority to order forfeiture of substitute assets after appeal is filed); United States v. Voigt, 89 F.3d 1050 (3d Cir. 1996) (following Hurley; court may amend order of forfeiture at any time to include substitute assets); United States v. Norton, 2002 WL 31039138 (W.D. Va. 2002) (same; following Hurley); United States v. Saccoccia, 62 F. Supp.2d 539 (D.R.I. 1999) (if district court retains jurisdiction to order forfeiture of substitute assets even though an appeal is filed, see Hurley, it follows that defendant's section 2255 petition does not interfere with district court's jurisdiction to amend order to include substitute assets); United States v. Messino, 907 F. Supp. 1231 (N.D. Ill. 1995) (the district court retains jurisdiction over forfeiture matters while an appeal is pending; court may order forfeiture of substitute assets and enter a final order of forfeiture where no third party files a claim).

Generally, substitute assets are forfeited because specific assets of the defendant that were listed in the order of forfeiture cannot be found. The Court may also order the forfeiture of substitute assets to satisfy a money judgment where the money judgment



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

represents the value of the proceeds of the offense, or property involved in the commission of the offense, that cannot be forfeited directly for one of the reasons set forth in Section 853(p). See United States v. Candelaria-Silva, 166 F.3d 19 (1st Cir. 1999) (once the Government has obtained a money judgment, it may forfeit defendant's real property in partial satisfaction of that judgment); United States v. Baker, 227 F.3d 955 (7th Cir. 2000) (same); United States v. Numisgroup Intl. Corp, 169 F. Supp.2d 133 (E.D.N.Y. 2001) (Rule 32.2(e) authorizes forfeiture of substitute assets to satisfy a money judgment, including a judgment based on the value of the missing proceeds and the value of the missing facilitating property); United States v. Harrison, 2001 WL 803695 (N.D. Ill. 2001) (entry of money judgment as part of preliminary order of forfeiture gives Government opportunity later to satisfy the judgment by seeking forfeiture of substitute assets; Rule 32.2(e)); United States v. Davis, 177 F. Supp.2d 470 (E.D. Va. 2001) (if property cannot be forfeited as directly traceable to the offense, it can be forfeited as a substitute asset and used to satisfy the money judgment); United States v. Davis, 2001 WL 47003 (S.D.N.Y. 2001) (property seized at time of arrest need not be returned at end of criminal case if it can be forfeited as substitute assets in satisfaction of money judgment); United States v. Messino, 917 F. Supp. 1307, 1308 (N.D. Ill. 1996) (court ordered forfeiture of motorcycle as substitute asset in partial satisfaction of money judgment).

The forfeiture of substitute assets is solely a matter for the Court, not the jury. Rule 32.2(e)(3). See United States v. Candelaria-Silva, 166 F.3d 19 (1st Cir. 1999) (forfeiture of substitute assets is solely a matter for the court; the defendant's only right is to have the jury determine the amount of the money judgment, which puts an upper limit on the amount that may be forfeited as a substitute asset); United States v. Thompson, 837 F. Supp. 585, 586 (S.D.N.Y. 1993) (court, not jury, orders forfeiture of substitute assets); United States v. Hurley, 63 F.3d 1, 23 (1st Cir. 1995) ("the statute says that an order substituting assets is to be made by 'the court'"). However, once the Court enters the order forfeiting substitute assets, third parties have a right to contest the forfeiture by



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

asserting a superior ownership interest in the ancillary proceeding pursuant to 21 U.S.C. § 853(n). Rule 32.2(e)(2). See United States v. Lester, 85 F.3d 1409 (9th Cir. 1996); United States v. Morgan, 224 F.3d 339 (4th Cir. 2000) (wife challenges forfeiture of joint bank accounts as substitute assets); United States v. Watkins, 320 F.3d 1279 (11th Cir., 2003) (unsecured creditors and defendant's wife unsuccessfully challenge forfeiture of cash as substitute asset); United States v. Infelise, 938 F. Supp. 1352 (N.D. Ill. 1996) (defendant's wife and children contest forfeiture of substitute assets in ancillary proceeding); United States v. Loren-Maltese, 2003 WL 291910 (N.D. Ill. 2003) (granting Government's motion to forfeit substitute assets will not harm third parties because they can contest the forfeiture in the ancillary proceeding).

Once the Government moves for an order forfeiting substitute assets, the Court may enter an order restraining such assets pending its action on the motion or pending the resolution of any third party claims. See United States v. Numisgroup Intl. Corp, 169 F. Supp.2d 133 (E.D.N.Y. 2001) (substitute assets may be restrained post-conviction).

//

//

//



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Wherefore, the United States requests that its motion for forfeiture of the above-listed substitute properties be granted and that an order be entered forthwith forfeiting all of defendant SHAWN L. PORTMANN's right, title and interest in the same to the United States and granting such other relief as may be deemed necessary and appropriate.

DATED this 10th day of January, 2014.

Respectfully submitted,

JENNY A. DURKAN
United States Attorney

Respectfully submitted,

JENNY A. DURKAN
United States Attorney

*s/ J. Tate London*

J. TATE LONDON
BRIAN D. WERNER
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-2242
Fax: 206-553-6934
E-mail: Tate.London@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2014, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s). I further certify that I have placed the foregoing in the United States Mail to the following:

Shawn Portmann, Register Number 41496-086
TAFT CORRECTIONAL INSTITUTION
P.O. BOX 7001
TAFT, CA 93268

*s/ Michael McLaren*

MICHAEL MCLAREN
FSA Paralegal IV
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: (206) 553-2242
Fax: (206) 553-6934
Email: Michael.McLaren@usdoj.gov